J-S61005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL KING WARREN, | |
| Appellant | No. 750 EDA 2018 |

Appeal from the PCRA Order Entered February 9, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000388-1998

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:        **FILED NOVEMBER 06, 2018**

Appellant, Daniel King Warren, appeals *pro se* from the post-conviction court's February 9, 2018 order denying his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," which the court treated as an untimely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying conviction are not necessary to our disposition of his present appeal.  In regard to the procedural history of his case, Appellant pled guilty to burglary on October 9, 1998, and was sentenced to a term of 10 to 20 years' imprisonment on December 28, 1999.  Appellant filed a direct appeal, but he discontinued it on February 16, 1999.  Thus, on that date, Appellant's judgment of sentence became final.  ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008)

(declaring that a judgment of sentence becomes final for PCRA purposes when an appeal is discontinued); 42 Pa.C.S. § 9545(b)(3).

Over the ensuing years, Appellant filed two PCRA petitions, both of which were denied. Then, on February 13, 2017, Appellant filed a *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," which the court treated as a PCRA petition. The court denied that petition by order issued April 3, 2017. On May 8, 2017, Appellant filed a timely notice of appeal.[1]

While that appeal was pending, Appellant filed, on January 9, 2018, a second, *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*," which underlies his present appeal. Therein, he challenged the legality of a mandatory-minimum sentence imposed in his case pursuant to 42 Pa.C.S. § 9714 (Sentences for second and subsequent offenses). Appellant alleged that this mandatory-minimum sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). The PCRA court again treated Appellant's petition for writ of *habeas corpus* as a PCRA petition, and the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss it without a hearing. Appellant filed a *pro se* response, but on February 9, 2018, the PCRA court entered an order

_____

[1] That appeal was assigned docket number 1470 EDA 2017. Our decision in that appeal, in which we affirmed the PCRA court's order denying Appellant's petition, was filed on October 15, 2018. ***See Commonwealth v. Warren***, No. 1470 EDA 2017, unpublished memorandum (Pa. Super. filed Oct. 15, 2018).

dismissing his petition. Appellant filed a timely, *pro se* notice of appeal, and

he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal.

Herein, Appellant presents two issues for our review:

A. Did the [PCRA] court err when it reviewed [A]ppellant's *habeas corpus* petition under the strictures of the PCRA[,] conflicting with the Court's decision in **Commonwealth v. Price**, 876 A.2d 988 ([P]a. Super. 2005)[,] *appeal denied*, 897 A.2d 1184 (Pa. 2006)[,] *cert. denied*, [549 U.S. 902] (2006)?

B. If treated as a PCRA petition, must [A]ppellant's classification as a high risk dangerous offender be submitted to a jury and found beyond a reasonable doubt in violation of constitutional substantive due process rights and must be given retroactive effect on collateral review regardless of when [A]ppellant's sentence became final?

Appellant's Brief at 2-3.

Appellant first claims that the PCRA court erred by treating his petition

for writ of *habeas corpus* as a PCRA petition. In his petition for writ of *habeas*

*corpus*, Appellant contended that the imposition of a mandatory-minimum

sentence under the version of section 9714 in effect at the time of his

sentencing violated **Alleyne**. Specifically, section 9714 did not require a jury

to find, beyond a reasonable doubt, the fact that triggered application of that

mandatory sentence, *i.e.*, that Appellant was a "high risk dangerous

offender."[2] Appellant argues that this claim is similar to the issue addressed

---

[2] At the time Appellant was sentenced, section 9714 required a mandatory minimum sentence of 10 years' incarceration for any person who "had previously been convicted of a crime of violence and has not rebutted the

in **Price**, where we concluded that a challenge to the sufficiency of the evidence to support the defendant's designation as a Sexually Violent Predator was not cognizable under the PCRA. **See Price**, 876 A.2d at 994.

Appellant's argument is wholly unconvincing. The claim he asserted in his petition for writ of *habeas corpus* and the issue addressed in **Price** are clearly distinct. In **Price**, we addressed a sufficiency-of-the-evidence claim, whereas here, Appellant challenges the legality of his sentence. Both our Supreme Court, and this Court, have consistently treated a claim that **Alleyne** renders illegal a petitioner's mandatory-minimum sentence as cognizable under the PCRA. **See, e.g.**, **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016); **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). Thus, **Price** is inapplicable, and under **Washington** and **Miller**, the PCRA court correctly deemed Appellant's writ of *habeas corpus* as a PCRA petition.

We also conclude that the PCRA court correctly denied Appellant's PCRA petition for two additional reasons. First, Appellant filed his present petition during the pendency of his appeal from the denial of his prior petition. An *en banc* panel of this Court recently explained that:

> In **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition

---

presumption of a high risk dangerous offender…." 42 Pa.C.S. § 9714(a)(1) (effective December 10, 1995, through July 9, 2000). The determination of whether the defendant had presented "clear and convincing evidence" to rebut the presumption that he was a "high risk dangerous offender" was made by the trial court following a hearing. 42 Pa.C.S. § 9714(c) (effective December 10, 1995, through July 9, 2000).

by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Id.*** at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." ***Id.*** (citation omitted).

Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 808–809 (2008).

***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018).  Thus, the PCRA court's denial of Appellant's current petition was proper, given that he filed it during the pendency of his appeal from the denial of his earlier petition.

Second, the court properly denied Appellant's petition because it was untimely and the court lacked jurisdiction to consider the merits of his claims. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001) ("Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner.").  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in February of 1999, and thus, his petition filed in January of 2018 is patently untimely. Consequently, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).  Appellant's claim that **Alleyne** invalidates his mandatory-minimum sentence is presumably an effort to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii).  In **Commonwealth v. Abul-Salaam**, 812 A.2d 487 (Pa. 2002), our Supreme Court stated:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply

- 6 -

retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Id.** at 501.

Here, our Supreme Court has expressly declared that **Alleyne** does *not* apply retroactively. **See Washington**, 142 A.3d at 820 ("We hold that **Alleyne** does not apply retroactively to cases pending on collateral review…."). Additionally, the United States Supreme Court has not held otherwise. Consequently, Appellant cannot rely on **Alleyne** to meet the timeliness exception of section 9545(b)(1)(iii), and the court properly denied his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/18

- 7 -